

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 8, 1939

Honorable Harry J. Schulz
County Attorney
Live Oak County
George West, Texas

Dear Sir:

Opinion Number O-740
Re: Legality of the appropriation
of $1,000.00 from the general fund
to be expended in the interest of
flood control on the Nueces River
to be paid to Nueces River Conser-
vation and Reclamation District.

Your letter of recent date, requesting an opinion,
has been received by this office.

You submit for an opinion the following question:

"At the last regular meeting of the commis-
sioners' court of Live Oak an order was passed
providing that Live Oak County appropriate
$1,000.00 from the general fund to be expended
in the interest of flood control on the Nueces
River to be paid to Nueces River Conservation and
Reclamation District to be paid in monthly install-
ments of $100.00 each. Such funds to be used by
the officers of said Nueces River Conservation
and Reclamation District as they deem proper in
furthering matters of flood control on the Nueces
River, provided that such appropriation and ex-
penditure of funds is held to be a legal appro-
priation and expenditure of public funds by the
Attorney General of Texas.

"Pursuant to the above order, I, as County
Attorney, have been requested to write you for an
opinion on the legality of the above appropriation."



The Nueces River Conservation and Reclamation District is a governmental agency and body politic and corporate with the power of governing and with delegated authority. Such district was created by Acts of 1935, Forty-fourth Legislature, First Called Session, page 1660, Chapter 427. We have read the Act very carefully and nowhere in the Act do we find where the Legislature gave the commissioners' courts of the various counties in the district the power to grant loans or advance money to the Reclamation District.

Furthermore, there are several counties in the district and when this money is turned over to the officers of the district to be used in the matter of flood control on the Nueces River, it is not only possible but probable that the money would be expended in another county. The money when appropriated would be completely out of the hands of the commissioners and would be controlled by the officers of the Reclamation District, which is in itself a governmental agency.

It has long been announced in Texas that commissioners' courts are courts of limited jurisdiction in that their authority extends only to matters pertaining to their respective counties and that their powers are only those expressly or impliedly conferred upon them by law. American Surety Company v. Hill County, 267 S. W. 265; El Paso v. Elam, 106 S. W. (2d) 393; Howard v. Henderson County, 116 S. W. (2d) 479; Hill County v. Bryant and Huffman, 264 S. W. 520; Commissioners' Court v. Wallace, 15 S. W. (2d) 535.

In the last case cited in support of this proposition the court said:

"The commissioners' court is a creature of the State Constitution and its powers are limited and controlled by the Constitution and the laws as passed by the legislature."

In view of the authorities cited above, the commissioners' court would have to have some express or implied authority to appropriate money from the general fund of a county to a River Conservation and Reclamation District to be used by its officers.

Honorable Harry J. Schulz, June 8, 1939, page #3

We have made an exhaustive search of the Constitution and the Statutes of Texas, including the Act creating this district, and have found no express or implied authority anywhere for the commissioners' court to make such appropriation.

Therefore, you are respectfully advised that it is the opinion of this department that such appropriation of funds by the commissioners' court is illegal.

Trusting that this answers your question, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Claud O. Boothman
Claud O. Boothman
Assistant

COB-s

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN